IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02642-RM-KLM

VEDERRA HOLDINGS LLC, a Colorado limited liability company,

        Plaintiff,

v.

GLOBAL EQUITY PARTNERS LLC, a Texas limited liability company, and
GARY JEFFERSON, individually,

        Defendants.

---

**REPLY IN SUPPORT OF UNOPPOSED MOTION TO REOPEN ACTION PURSUANT TO D.C.COLO.LCivR 41.2 AND FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS GLOBAL EQUITY PARTNERS LLC AND GARY JEFFERSON**

---

Plaintiff Vederra Holdings LLC ("Vederra"), by and through undersigned counsel, hereby submits the following Reply in support of its Unopposed Motion to Reopen Action pursuant to D.C.COLO.LCivR 41.2 and for the Entry of Final Judgment Against Defendants ("Motion"), and in support thereof, states as follows:

Plaintiff filed its Motion on January 9, 2023. (ECF No. 21) In the Motion, Plaintiff asked the Court to reopen this case and enter judgment against Defendants as a result of Defendants' default under the Settlement Agreement. Specifically, Defendants failed to make the initial installment payment due on January 4, 2023. (ECF No. 21-1 at p. 3, ¶ 2.A)

The Settlement Agreement provides that in the Event of Default, Plaintiff would file the present motion to reopen and file the Confessions of Judgment. Defendants agreed not to oppose

or contest the Motion.  (ECF No. 21-1 at p. 4-5, ¶ 5.b)  Specifically, the Settlement Agreement provides:

> In the "Event of Default," Plaintiff shall file an Unopposed Motion to Reopen Action pursuant to D.C.COLO.LCivR 42.1 and for Entry of Final Judgment Against Defendants ("Reopen Motion"). If an Event of Default occurs, Defendants hereby agree, authorize, consent to and grant Vederra full power of attorney to file the Reopen Motion in the Lawsuit and further agree not to contest, object, and/or otherwise challenge the filing of the Reopen Motion in the Lawsuit. Defendants further acknowledge and agree that upon the occurrence of an Event of Default, good cause exists to reopen the Lawsuit pursuant to D.C.COLO.LCivR 41.2 and waive any and all rights to oppose reopening the Lawsuit pursuant to D.C.COLO.LCivR 41.2. Pursuant to D.C.COLO.LCivR 7.1(a), Defendants do not oppose the Reopen Motion.

Id.

Despite consenting to the Motion, agreeing not to contest, object or challenge the Motion, and waiving any and all rights to oppose the Motion, Defendants filed an opposition to Plaintiff's Unopposed Motion ("Opposition") on January 10, 2023.  (ECF No 22)   The Opposition provides no basis to deny Plaintiff's motion to reopen the case and enter judgment against Defendants.

First, Defendants concede they failed to make the initial settlement payment and are in default under the Settlement Agreement.  (ECF No. 22 at p. 1)  Defendants further state they "need additional time to allow payments to be processed."  Id. at 2.  As set forth in the Settlement Agreement, because Defendants are in default, Defendants agreed that Plaintiff is entitled to immediately file the Confessions of Judgment in this action.  (ECF No. 22-1 at ¶ 3 and ¶ 5.b). Defendants' acknowledgment that they are in default provides further support for the Court to reopen the case and enter judgment against Defendants.

Next, Defendants' argument concerning Federal Rule of Civil Procedure 55 has no bearing on the Motion. Defendants argue that their "failure to timely respond to the complaint was technical at most and hardly rises to the level of delinquency Federal Rule of Civil Procedure 55

is designed to rectify." (ECF No. 22 at 1).  Rule 55 does not apply.  Plaintiff is not seeking to enter judgment by default.  Rather, Defendants have confessed judgment pursuant to the terms of the Settlement Agreement, and their conceded default under the settlement agreement entitles Plaintiff to enter judgment against them.

Accordingly, for the reasons set forth above and in the Motion, Plaintiff Vederra Holdings LLC respectfully requests that the Court (1) enter an Order reopening this action for good cause pursuant to D.C.COLO.LCivR 41.2; (2) enter the Confessions of Judgment against GEP and Mr. Jefferson and in favor of Vederra as a final judgment in this action pursuant to Fed. R. Civ. P. 54 and 58; (3) sign and date the Confessions of Judgment and direct the Clerk of the Court to enter it on the register of actions as a final and enforceable judgment pursuant to Fed. R. Civ. P. 58 and 79; and (4) set a timeline for Vederra to file its bill of costs pursuant to D.C.COLO.LCivR 54.1 and a motion for attorneys' fees pursuant to D.C.COLO.LCivR 54.3 to recover the reasonable attorneys' fees and costs Vederra incurred in this action.

Respectfully submitted this 12th day of January, 2023.

> By: *s/ James E. Dallner*
> James E. Dallner, Esq.
> Phillip S. Lorenzo, Esq.
> LORENZO EKKER DALLNER, LLC
> 10233 South Parker Rd., Ste 300
> Parker, Colorado  80134
> Tel:  (720) 543-7735
> Email:  jdallner@ledlegal.com
> plorenzo@ledlegal.com
>
> *Attorneys for Plaintiff Vederra Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2023, a true and correct copy of the foregoing **Reply in Support of Unopposed Motion to Reopen Action Pursuant to D.C.COLO.LCivR 41.2 and For Entry of Final Judgment Against Defendants Global Equity Partners LLC and Gary Jefferson** was filed via ECF and served on the following US Mail and email:

Defendant Gary Jefferson
8758 Laurel Crest Dr.
Missouri City, Texas 77459
Garyjefferson74@gmail.com

Defendant Global Equity Partners, LLC
10601 Clarence Dr., Ste. 250
Flower Mound, Texas 75022
Garyjefferson74@gmail.com

                                         *s/ Christine Muldoon*
                                         Christine Muldoon
                                         Legal Administrative Assistant